Crucita Garcia HERNANDEZ; Ananke L. Diego Garcia, Petitioners,

v.

John ASHCROFT, Attorney General,* Respondent.

No. 02–70873.

Agency Nos. A75–479–189, A75–479–190.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2003.**

Decided Sept. 19, 2003.

Crucita Garcia Hernandez, Ananke L. Diego Garcia, Riverside, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Linda S. Wendtland, Robbin K. Blaya, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before PREGERSON, THOMAS, and PAEZ, Circuit Judges.

MEMORANDUM***

Crucita Garcia Hernandez and her minor son Ananke Leonardo Diego Garcia, natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' decision summarily affirming the Immigration Judge's denial of their application for cancellation of removal. We have jurisdiction to review purely legal determinations, *see* 8 U.S.C. § 1252; *Montero–Martinez v. Ashcroft,* 277 F.3d 1137, 1144 (9th Cir.2002), and we review de novo, *Torres–Aguilar v. INS,* 246 F.3d 1267, 1271 (9th Cir.2001). We deny the petition for review.

Petitioners contend that being put into removal proceedings rather than deportation proceedings deprived them of the opportunity to apply for suspension of deportation relief and thereby violated equal protection. This contention lacks merit.

Petitioners must show that the classification that caused them to be placed into removal proceedings is wholly irrational to succeed on their equal protection challenge. *See Hernandez–Mezquita v. Ashcroft,* 293 F.3d 1161, 1163 (9th Cir.2002). The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 replaced "suspension of deportation" with the more restrictive "cancellation of removal" for aliens placed into proceedings on or after April 1, 1997. *See id.* at 1162. This classification is not wholly irrational. *Cf. id.* at 1164–65 (approving "Congress's natural line-drawing process in choosing a date to limit relief").

To the extent petitioners contend that removal proceedings were improperly initiated against them, we lack jurisdiction to review this contention. *See Jimenez–An-*

---

* The court sua sponte changes the docket to reflect that John Ashcroft, Attorney General, is the proper respondent. The Clerk shall amend the docket to reflect the above caption.

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*geles v. Ashcroft,* 291 F.3d 594, 598–99 (9th Cir.2002).

**PETITION FOR REVIEW DENIED.**

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.